CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

AUG 08 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LAMONT DARNELL PAYNE,<br>         *Defendant* | CRIMINAL NO. 3:04cr00047-2<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

The Court has received a letter from Defendant (Docket No. 1319) asserting that the 103 month sentence imposed against him in this case was to run concurrent with a state sentence in a related case, and that his sentence should be adjusted to reflect credit for time served in state custody. In support of his claim, Defendant has included with his letter a copy of the Judgment in his case, entered on September 11, 2006, which states that Defendant is to be imprisoned for a term of 103 months, and further states: "In accordance with U.S.S.G. Section 5G1.3 this sentence takes into consideration the related case in the state of New Jersey (Dkt#03-01-00145). *In addition the defendant is to receive credit for time served in the related New Jersey case . . .*" (Emphasis added.)

Although the final sentence quoted above is misleading, Defendant is incorrect in his assertion that his 103 month sentence does not reflect an adjustment for time served in the related New Jersey case. To be sure, the quoted language could be read – in the absence of any context – as providing that Defendant should receive a further reduction against the 103 month sentence for time served in state custody in New Jersey. However, upon review of the sentencing transcript and the Presentence Report, it is apparent that the Judgment contains a clerical error.

Under the sentencing guidelines, the sentencing range for the offense to which Defendant pled guilty was 121 to 151 months. At the time of sentencing, the Court took into account the time Defendant had served in state custody by reducing his sentence from the recommended 121 months to 103 months. The transcript of Defendant's sentencing on September 1, 2006, indicates that the Court, reading from the Presentence Report, began to repeat the italicized language quoted above, but then corrected itself, stating: "In addition, the defendant is to receive credit – well, anyway the 103 months gives him credit for the time served, I think. That's what that is." Defendant's probation officer affirmed that the 103 month sentence reflects "credit for time served" and that Defendant "gets credit for the time for the 18 months." The Court then advised the Clerk to review its handwritten emendations to the Presentence Report before preparing the Judgment; however, it appears that the Clerk mistakenly used an uncorrected version of the Report to prepare the Judgment. Nonetheless, it is clear that the Court imposed a term of imprisonment of 103 months, and that such term reflects a 121 month sentence (the bottom of Defendant's guideline range) minus 18 months credit for the related New Jersey sentence.*

---

* The Presentence Report indicates that, at the date of the Report, Defendant had served 9 months in New Jersey and that an 18 month balance remained "undischarged." The Report recommends that a term of imprisonment of 121 months be imposed, and includes the language the Court has previously quoted from the Judgment entered on September 11, 2006:

> Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court that the defendant, Lamont D. Payne, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 121 months. In accordance with U.S.S.G. § 5G1.3, this sentence takes into consideration the related case in the state of New Jersey (Dkt. # 03-01-00145). In addition, the defendant is to receive credit for time served in the related New Jersey case (Dkt. # 03-01-00145).

The Court notes that the Report suggests that this recommendation of a 121 month sentence already appears to reflect an 18 month adjustment against a sentence of 139 months (the middle of Defendant's guideline range). It is plain that Defendant got the benefit of at least one adjustment of 18 months.

The Federal Rules of Criminal Procedure provide that, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Furthermore, where a conflict is present between a written order of sentence and an oral sentence declared in open court, the latter is controlling, and the appropriate remedy is for the Court to correct the written judgment so that it conforms with the Court's oral pronouncements. See United States v. Osborne, 345 F.3d 281, 283 n. 1 (4th Cir. 2003); United States v. Morse, 344 F.2d 27, 29-31 (4th Cir. 1965); Rakes v. United States, 309 F.2d 686, 687-88 (4th Cir. 1962).

Accordingly, the Court will correct the written Judgment, pursuant to Rule 36, in accordance with the Court's oral expressions at the time of sentencing on September 1, 2006. This correction will involve no change, and certainly no increase, in the sentence of 103 months, nor will it restart the limitations period for filing a post-conviction challenge under the Antiterrorism and Effective Death Penalty Act of 1996.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion, the accompanying Order, and the Amended Judgment to Defendant and all counsel of record.

ENTERED: This 8th day of August, 2008

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

3