IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LAMONT D. PAYNE | CRIMINAL NO. 3:04-cr-00047-2<br><br>OPINION<br><br>JUDGE NORMAN K. MOON |

Pending before the court is defendant Lamont D. Payne's ("Defendant") motion (docket no. 1552) to instruct the Bureau of Prisons ("BOP") to commence his sentence as of the date of his federal sentencing, September 1, 2006. BOP has run the sentence as of July 9, 2007, the date of Defendant's release from state custody. I construe Defendant's motion as a motion to correct or amend his sentence.

Defendant suggests that the decision to run the federal sentence consecutively with his state sentence might stem from a clerical error in the amended judgment filed August 14, 2008 (docket no. 1333), which the court may correct pursuant to Fed. R. Crim. P. 36. However, as made clear in this court's memorandum opinion and order dated August 8, 2008 (docket nos. 1327 and 1328), there is no such error here. As indicated in that opinion, the sentence of 103 months incarceration reflects a downward adjustment from a guideline minimum of 121 months. The downward adjustment was meant to take account of time served on Defendant's state sentence. Such an adjustment is specifically provided for in Section 5G1.3(b)(1) of the U.S. SENTENCING GUIDELINES. Therefore, the judgment accurately reflects this court's clear intent that the federal sentence was to run from the date of Defendant's release from state custody.

To the extent that Defendant's motion is made pursuant to some rule other than Rule 36, it is apparent that this court lacks jurisdiction to decide it. Under 18 U.S.C. § 3582(c), a court "may not modify a term of imprisonment except . . . upon motion of the Director of the Bureau of Prisons . . . [or] to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure." Rule 35 permits modification of a sentence within 14 days of sentencing to correct "clear error," or otherwise upon the government's substantial assistance motion. None of the circumstances in this case permit the court to modify Defendant's sentence.

Accordingly, Defendant's motion will be DENIED in an accompanying order.

The Clerk of the Court is directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record and to the Defendant.

Entered this __26th__ day of October, 2010.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE